1  **Salar Atrizadeh, Esq. (SBN: 255659)**
   LAW OFFICES OF SALAR ATRIZADEH
2  9701 Wilshire Blvd., 10th Floor
   Beverly Hills, CA 90212
3  Telephone:  310-694-3034
   Facsimile:   310-694-3057
4  Email:        salar@atrizadeh.com

5  Attorneys for Plaintiff
   MICHELLE MULDOON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHELLE MULDOON, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>TONGMUN KIM, an individual, and DOES 1-10, inclusive,<br><br>     Defendants. | Case No.:  2:15-cv-9522<br><br>**COMPLAINT**<br><br>1. **DEFAMATION—LIBEL PER SE**<br>2. **CIVIL HARASSMENT IN VIOLATION OF C.C.P. § 527.6**<br>3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>5. **DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[DEMAND FOR JURY TRIAL] |

---

1
**COMPLAINT**

**COMES NOW PLAINTIFF, AND AVERS AND ALLEGES AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:**

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332, in that there is complete diversity between the parties hereto. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal claims, and arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

2. The Court has jurisdiction over Plaintiff's action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure. As mentioned hereinabove, complete diversity exists between Plaintiff and Defendants.

3. Venue is proper pursuant to 28 U.S.C. § 1391 et seq. because: (i) Defendants reside and/or conduct their business in this district; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (iii) a substantial part of property that is the subject of this action is situated in this district.

## THE PARTIES

4. Plaintiff Michelle Muldoon ("Plaintiff") is and at all times mentioned herein was an individual residing in the State of California and at all times relevant herein was a citizen thereof.

5. Defendant Tongmun Kim ("Defendant") is and at all times mentioned herein was an individual residing in the State of Maryland and at all times relevant herein was a citizen thereof.

6. The true names of Does 1 through 10, inclusive, are unknown to Plaintiff at this time. Plaintiff sues these Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believes, and based on that information and belief alleges that each of the Defendants designated as a Doe is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff alleged herein.

7. Plaintiff is informed and believes, and based on that information and belief alleges that, at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of such agency and employment.

## COMMON FACTS AND GENERAL ALLEGATIONS

8. This action arises from the misconduct of Defendants, and each of them, who have engaged in conduct constituting defamation, civil harassment, intentional and negligent infliction of emotional distress upon Plaintiff.

9. Plaintiff is a model for Playboy Enterprises, Inc., its subsidiaries and/or affiliates. Plaintiff operates in the adult industry and professionally poses for pictures and/or videos.

10. Due to the nature of Plaintiff's profession, it is imperative that she protect her true identity. Therefore, in order to protect her identity, she uses an alias. However, as mentioned hereinbelow, Defendants have surreptitiously learned and divulged Plaintiff's true name to the general public.

11. On or about September 29, 2015, Plaintiff discovered that Defendant, using "UMaryland_guy" as an alias, posted Plaintiff's name and the college she graduated from on Reddit Jobs. The Defendant stated that Plaintiff was an escort and/or prostitute. Thereafter, every day or every few days, Defendant posted the same information, in addition to, Plaintiff's parent's address and the high school she graduated from on the

---

3
**COMPLAINT**

world-wide-web.

12. Defendant's modus operandi is to select forums, blogs, or news stories where people are seeking threesomes or escorts. As stated hereinabove, Defendants posted Plaintiff's information with her parent's address on the world-wide-web.

13. Defendants have impersonated Plaintiff by choosing usernames with her name (e.g., michellemuldoon_LA, michellem3093, mattmuldoon95) when they post the disparaging statements. Defendants have impersonated Plaintiff's father and mother by creating online accounts under their names. Defendants have stated that Plaintiff wants to have sexual relations with strangers and invite them to visit her parent's address in order to find her.

14. Plaintiff has taken reasonable and necessary steps to request from the websites to delete, remove, or hide the accounts, comments, or posts. However, Defendants continue to post online comments on a regular or continuous basis.

15. On information and belief, the websites where Plaintiff has found the defamatory or disparaging statements, include, but may not be limited to, Reddit.com, Pinterest.com, Lambgoat.com, TheLayOff.com, TrueNewsUSA, Clipix.com, and Emptyclosets.com.

16. Moreover, the following websites include defamatory and disparaging statements regarding Plaintiff and/or her immediate family:

   a. https://www.pinterest.com/michellem4633/williammuldoon
   b. https://www.pinterest.com/michellem4633
   c. https://www.pinterest.com/pin/297870962833853816
   d. https://www.pinterest.com/kathleenm5302/kathleen-muldoon-newtown-pa
   e. https://www.pinterest.com/michellemuldo/pins
   f. https://www.pinterest.com/pin/119838040062153223
   g. http://truenewsusa.blogspot.com/2015/08/porn-star-susan-surrette-who-goes-by.html
   h. https://www.reddit.com/user/muldoonmichelle/submitted/?sort=hot
   i. https://www.reddit.com/user/michellemuldoonLA
   j. https://www.reddit.com/r/jobs/comments/3mrf45/michelle_muldoon_univ_of_maryland_2015_adult
   k. http://lambgoat.com/blog/314/Children--from-Dead-To-Fall-to-porn-and-back-again

---

4
COMPLAINT

    l.  https://www.thelayoff.com/t/EjgalJ7
    m.  http://becauseimawhore.com/2012/06/09/easy-cum-easy-go

17. On October 6, 2015, Plaintiff filed an investigative report with the Los Angeles Police Department in order to report Defendant's malicious conduct.

18. On October 15, 2015, Plaintiff's brother received an email stating that his sister is a prostitute.  Thereafter, Plaintiff's brother has been receiving harassing emails and text messages on a regular or continuous basis.

19. The online statements and text messages were all made anonymously and were used to mask Defendants' true identities.

20. Plaintiff is conducting an ongoing investigation in order to determine the identity of each and every Defendant.  Thus far, the aforesaid investigation has led to the discovery of websites, emails, and text messages.

21. Defendants have gained access to, and used accounts, which are owned, controlled, or operated by, *inter alia*, Pinterest.com and Reddit.com, which are located in the State of California.

22. Plaintiff plans to issue subpoenas towards the abovementioned Internet Service Providers in order to obtain basic subscriber information and identify the anonymous individuals.

23. Thus far, Defendants have taunted Plaintiff anonymously by alluding to the fact that they know her real name and location.  Defendants are stalking Plaintiff, acting in a sexual predatory manner, and seem to know about Plaintiff's personal life, e.g., the name of her high school and her family's mailing address.

24. The publications referred to Plaintiff by her name or alias throughout, were made of and concerning Plaintiff, and were so understood by those who read the publications.

25. The statements are false as they pertain to Plaintiff. For example, on September 23, 2015, Defendant, using the alias "Newbie" as an alias on Reddit.com stated that: "Michelle Muldoon is an adult actress and escorting in [Los Angeles] …"

26. On October 8, 2015, Defendant stated on TheLayOff.com that: " Michelle Muldoon [University] of Maryland 2015 – escort, porn actress in [Los Angeles] …"

27. On or about November 1, 2015, Defendants posted Plaintiff's true identity and previous mailing address, college, and high school on the world-wide-web, including, but not limited to, TrueNewsUSA for the public to review.

28. The publications are libelous on their face. These online publications clearly expose Plaintiff to hatred, contempt, ridicule, and obloquy because the statements disparage Plaintiff in the eyes of her friends, colleagues, and community.

29. The publications were seen and read by several individuals who are users, members, subscribers, or visitors of the aforesaid websites.

30. As a proximate result of the publications, Plaintiff has suffered from loss of reputation, shame, mortification, and injury to her feelings, causing damages more than the jurisdictional amount.

31. As a proximate result of the publications, Plaintiff has been forced to seek professional medical assistance due to her physical, mental, and emotional distress.

32. The publications were not privileged because they were published by Defendants with malicious intent to harm Plaintiff due to their untrue, exaggerated, and harmful nature.

33. Due to Defendants' misconduct, Plaintiff's income has decreased substantially over the past months. In addition, due to Defendants' malice in publishing the online statements, Plaintiff seeks damages in an amount in excess of $75,000.

34. Based on the foregoing, an actual controversy has arisen, and now exists, between Plaintiff

and Defendants concerning their respective rights and duties. As such, a judicial declaration is necessary and appropriate at this time in order for the parties to ascertain their rights and duties pursuant to applicable laws.

## FIRST CAUSE OF ACTION
## DEFAMATION—LIBEL PER SE
### (Against All Defendants)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. As alleged hereinabove, within one year of the filing of this action, Defendants published online statements on the ISPs using anonymous usernames. These anonymous usernames were used to mask Defendants' true identities and to permit them to defame Plaintiff.

37. The online statements were published to those other than Plaintiff, and in fact, many users, members, subscribers, or visitors have been able to discover and read them.

38. The publications can reasonably be understood to be, of and concerning Plaintiff, and in fact, they specifically identify Plaintiff by her name, and thus leave no doubt that the publications were about Plaintiff and no one else. On information and belief, the publications were disseminated amongst the general public.

39. The publications tend to harm the reputation and image of Plaintiff on their face (i.e., they are libel per se), in that they impute incompetence or misconduct, and make allegations injurious to Plaintiff's personality, demeanor, and standing. The publications tend to lower Plaintiff in the esteem of her peers, cause her to be shunned by friends, and expose her to hatred, ridicule and contempt.

40. The publications are demonstrably false, are incorrect factual statements and incapable of being conclusively established to be true.

41. The publications are demonstrably false, in that they purposefully stated only bits and pieces of discrete facts that, may or may not have been correct in, and of themselves, but such facts were presented out of context, and combined with false comments, and innuendos of Defendants' own fabrication that, when considered as a whole, conveyed false meanings to the readers by implying meanings that are untrue.

42. The publications were not privileged and were not opinions.  At the time Defendants published them, Defendants knew the statements were false or had reckless disregard for their falsity, and therefore acted with actual malice.

43. Defendants' publication of such false and defamatory statements did, in fact, directly and proximately result in the following: (i) harm to Plaintiff's name and reputation; (ii) Plaintiff's shame, mortification, and hurt feelings resulting in severe emotional distress; and (iii) other harm to Plaintiff's reputation in addition to those implied and assumed by the law.

44. As a direct and proximate consequence of such libel per se stated herein, Plaintiff has been generally, specially, and consequentially damaged in an amount to be established according to evidence.

45. The aforementioned libel per se was committed willfully and intentionally and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under California Civil Code § 3294 in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate in this case because of Defendants' past pattern of oppressive and harassing conduct.

46. Defendants' libel per se alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Honorable Court, will continue to cause great and irreparable injury to Plaintiff.   Plaintiff has no adequate remedy at law for injuries that she is currently suffering from Defendants' libel per se.

### SECOND CAUSE OF ACTION
### CIVIL HARASSMENT IN VIOLATION OF C.C.P. § 527.6
(Against All Defendants)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Defendants' wrongful conduct, as alleged hereinabove, though not threatening violence, nevertheless was "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."  As such, such misconduct constitutes civil harassment, under C.C.P. § 527.6(b), as well as, misdemeanor crime, under Penal Code §§ 653m and 653.2.  Stated otherwise, the "course of conduct [was] such as would cause a reasonable person to suffer substantial emotional distress, and [did] actually cause substantial emotional distress to the [Plaintiff]" as required by C.C.P. § 527.6(b).

49. As alleged hereinbelow, Plaintiff did, in fact, suffer severe emotional distress as a direct consequence of Defendants' harassment.

50. As a direct and proximate consequence of Defendants' harassment alleged herein, Plaintiff has been generally, specially, and consequentially damaged in the amount to be established according to evidence.

51. Under C.C.P. § 527.6(r), Plaintiff is entitled to an award of court costs and attorney's fees that she incurs to prosecute an action seeking a temporary restraining order or injunction.

52. The aforementioned civil harassment was committed willfully and intentionally, and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under Civil Code § 3294, in an amount to be established at trial, in order to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate because of Defendants' past pattern of oppressive and harassing conduct.

53. Defendants' harassment alleged herein, unless enjoined by a preliminary injunction order and a permanent injunction judgment of this Honorable Court (or in the alternative, statutory temporary restraining order and three-year injunction under C.C.P. § 527.6) will continue to cause great and irreparable injury to Plaintiff. As such, Plaintiff has no adequate remedy at law for injuries that she is currently suffering, and are threatened to be suffered from Defendants' harassment and illegal conduct.

## THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants)**

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendants' extreme and outrageous conduct alleged herein, including, but not limited to, harassment and defamation were intentionally and maliciously committed with the intent to deliberately inflict humiliation, mental anguish, and emotional and physical distress upon Plaintiff, and done in wanton and reckless disregard of such consequences towards Plaintiff.

56. As a direct and proximate result of the aforesaid extreme and outrageous conduct by Defendants, Plaintiff did, in fact, suffer humiliation, mental anguish, and emotional and

physical distress, and has been hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which have caused, continue to cause, and will probably continue to cause Plaintiff great mental, physical and nervous pain and suffering.

57. As a result of such severe emotional distress, Plaintiff has been generally, specially, and consequentially damaged in an amount to be established according to evidence.

58. Defendants committed the aforementioned infliction of emotional distress willfully and intentionally, and by means of oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of exemplary or punitive damages under California Civil Code § 3294, in an amount to be established at trial to meaningfully punish Defendants, and to thereby deter similar conduct by them in the future. Punitive damages are especially appropriate because of Defendants' past pattern of oppressive and harassing conduct.

### FOURTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

60. Defendants, at relevant times, owed Plaintiff various duties of care, including, but not limited to, those reasonably necessary to avoid inflicting humiliation, mental anguish, and emotional and physical distress upon Plaintiff. Defendants, and each of them, knew, or should have known, that their failure to exercise such due care would cause Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

61. Defendants breached their duties of care towards Plaintiff by committing the extreme and outrageous acts and omissions alleged in this Complaint, including, but not limited to,

harassment and defamation, and did so with reckless disregard for the probability of causing emotional distress to Plaintiff.

62. As a direct and proximate result of such breaches constituting negligence, Plaintiff did, in fact, suffer humiliation, mental anguish, and emotional and physical distress, and has been hurt and injured in her health, strength, and activity, sustaining injury to her nervous system and person, all of which have caused, continue to cause and will continue to cause Plaintiff great mental, physical and nervous pain and suffering.

63. As a result of such severe emotional distress, Plaintiff has been generally, specially, and consequentially damaged in an amount to be established according to evidence.

## FIFTH CAUSE OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF
### (Against All Defendants)

64. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is entitled to injunctive relief pursuant to C.C.P. § 527.6 (harassment, violence, and credible threat of violence) and C.C.P. § 527.7 (two or more persons advocating and taking substantial action in furtherance of the commission of an unlawful act of violence).

66. Defendants' conduct, and acts described herein, are continuing and have caused and are causing irreparable damage to Plaintiff.  Unless Plaintiff obtains declaratory relief from this Honorable Court, and/or unless such conduct by Defendants is preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable damage, which will necessitate the filing of multiple and/or successive lawsuits.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For monetary damages in excess of $75,000 or according to proof;
2. For all compensatory, general, and monetary damages, past, present, and future in an amount to fully compensate Plaintiff within the jurisdictional limits of this Court according to proof;
3. For punitive and exemplary damages, as appropriate, according to proof;
4. For attorney's fees and costs, as appropriate, according to proof;
5. For incidental and/or consequential damages, as appropriate, past, present and future, according to proof;
6. For prejudgment and post-judgment interest;
7. For all applicable statutory damages, past, present and future, according to proof;
8. For all applicable special damages, past, present and future, according to proof;
9. For all applicable economic damages, past, present and future, according to proof;
10. For declaratory relief, and/or preliminary and permanent injunction prohibiting the conduct and activities alleged herein;
11. For such other and further relief as the Court deems just and equitable, and conforming to proof at the time of trial.

**DEMAND FOR JURY TRIAL:** Plaintiff hereby demands a trial by jury of her peers to the fullest extent allowed by law.

Dated:  December 9, 2015           **LAW OFFICES OF SALAR ATRIZADEH**


By:   /s/  Salar Atrizadeh
      SALAR ATRIZADEH, ESQ.
      Attorneys for Plaintiff
      MICHELLE MULDOON

## VERIFICATION

I, MICHELLE MULDOON, the undersigned, certify and declare that, I am a party to this action. I have read the foregoing Complaint and know and understand its contents thereof. The matters stated herein, are true of my own knowledge and belief, except as to those matters alleged and/or stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed on December 9, 2015, in Los Angeles, California.

_____
MICHELLE MULDOON